**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HANCOCK BANK,

        Plaintiff,

v.                                    Case No. 6:12-cv-1695-Orl-37KRS

ELLISON BUILDERS, INC.; ROY E.
ELLISON, JR.; MIA HALEY ELLISON;
and MAITLAND SQUARE PROPERTY
OWNER'S ASSOCIATION, INC.,

        Defendants.

---

### FINAL JUDGMENT OF MORTGAGE FORECLOSURE AND ORDER OF SALE

This cause is before the Court on the Court's Order (Doc. 65), filed January 8,
2014, granting Plaintiff's motion for a final judgment of foreclosure on Count II of the
Amended Complaint (Doc. 56). Having received a proposed form of final judgment to
which all parties have agreed (*see* Doc. 67) and having been fully advised, it is hereby

**ORDERED AND ADJUDGED**:

1.      Order to Show Cause (Doc. 66) is **DISCHARGED**.

2.      Final Judgment of Foreclosure is hereby **GRANTED** in favor of Plaintiff and
against Defendants Ellison Builders, Inc. and Maitland Square Property Owner's
Association, Inc.

3.      Ellison Builders, Inc. defaulted under the Promissory Note dated April 13,
2009 ("2009 Note"), by failing to pay to Plaintiff all sums due under the 2009 Note at the
scheduled maturity date of April 13, 2010.

4.      Plaintiff owns and holds the 2009 Note and Mortgage.

5.     Ellison Builders, Inc. is the current owner of the Property described in Paragraph 9 pursuant to that certain Special Warranty Deed dated January 19, 2007, and recorded on January 26, 2007, in Official Records Book 9083, Page 1962 of the Public Records of Orange County, Florida.

6.     The Mortgage constitutes a valid lien on the Property, and the Mortgage is in default as alleged in the Amended Complaint.

7.     Plaintiff is owed by Ellison Builders, Inc.:

| | |
|---|---|
| Unpaid Principal Amount: | $ 160,406.97 |
| Interest from 10/14/10 through 01/21/14 at Default Rate (per diem = $77.98): | $ 93,264.08 |
| Appraisal Fees: | $ 3,500.00 |
| Attorney's Fees: | $ 5,998.50 |
| Costs: | $ 412.50 |
| **Total Amount Due as of January 21, 2014:** | **$ 263,582.05** |

This amount shall bear interest at the prevailing legal rate of interest.

8. Ellison Builders, Inc. has stipulated to the reasonableness of Plaintiff's attorney's fees, including the hourly rates charged and the time expended. Accordingly, for purposes of calculating the amount of attorney's fees awarded to Plaintiff, the Court has considered the number of hours reasonably expended by counsel in this action and a reasonable hourly rate for that attorney time and has concluded that 21.5 hours were reasonably expended for Plaintiff in this action and that a blended hourly rate of $279.00 is a reasonable hourly blended rate for those attorney services. The total of $5,998.50 in attorney's fees is reasonable.

9.     Plaintiff holds a lien for the total sum superior to any claim or interest of the Ellison Builders, Inc. and Maitland Square Property Owner's Association, Inc., on the real and personal property in Orange County, Florida ("Property"), described as follows:

Lot 4, MAITLAND SQUARE, according to the plat thereof, as recorded in Plat Book 65, Page 144 - 145, Public Records of Orange County, Florida.

The Property is commonly known as 1750 Fennell Street, Maitland, Florida 32751.

10.    Under Federal Rule of Civil Procedure 53(a)(1)(C), Irwin J. Weiner, Esquire, is appointed to serve as Special Master to advertise and conduct the foreclosure sale.

11.    Pursuant to 28 U.S.C. § 2001, the Special Master is authorized and directed to sell the Property at public sale. Plaintiff shall coordinate the sale with the Special Master, who shall sell the Property at a public sale in Orange County, Florida, to the highest bidder for cash, following notice of the public sale of the Property to be published once a week for at least four weeks in a newspaper regularly issued and of general circulation in Orange County, Florida, as required by 28 U.S.C. § 2002.

12.    Plaintiff shall advance the cost of publishing the Notice of Sale and the Special Master's Fee for conducting the sale of the Property and shall be reimbursed for them by the Special Master if Plaintiff is not the purchaser of the Property for sale.

13.    Any third-party successful bidder shall be required at the time of the sale to deposit with the Special Master five percent (5%) of the successful bid amount by certified check made payable to the Special Master or by cash deposit. Before being permitted to bid at the sale, all third-party bidders shall present proof to the Special Master that they are able to comply with this requirement and otherwise shall not be allowed to bid.

14.    The balance of the purchase price of the Property shall be tendered by the successful bidder in the form of a certified check payable to the Special Master within one (1) day following the sale. If the successful bidder fails to fulfill this requirement, the deposit shall be forfeited and applied to the expenses of the sale with the balance to

Plaintiff and the Property shall be re-offered for sale in accordance with the above provisions.

15.     If Plaintiff is the purchaser of the Property, the Special Master shall credit Plaintiff's bid with the Total Sum described in Paragraph 7 with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

16.     If a third-party bidder is the purchaser, the third-party bidder must pay the documentary stamp tax attached to the Certificate of Title in addition to the bid.

17.     Upon full compliance with the terms of the sale, the Special Master shall file a report of the sale with the Clerk of Court, which is subject to confirmation by the Court.

18.     Upon confirmation of the sale by the Court, the Special Master shall convey to the purchaser a Certificate of Title, which shall be recorded in the Public Records of Orange County, Florida.

19.     On recording of the Certificate of Title, the sale proceeds shall be distributed, so far as they are sufficient, by paying:

    a.     First, all of Plaintiff's costs;

    b.     Second, documentary stamps affixed to the Certificate of Title, unless the Property is purchased by a third-party bidder;

    c.     Third, the Total Sum due to Plaintiff as set forth in this Judgment, less the items paid, plus interest at the rate prescribed by law from the date of this Judgment to the date of sale; and

    d.     Fifth, by retaining any remaining amount pending further Order of this Court.

20.     On filing the Certificate of Title or by order of this Court ruling on the

objections to the sale, Defendants Ellison Builders, Inc. and Maitland Square Property Owner's Association, Inc., and all persons claiming by, through, under, or against them since the filing of the Notice of Lis Pendens in this action, shall be forever barred and foreclosed of all right, title, interest, estate, or claim in the Property being sold and the purchaser(s) at the sale shall be let into possession thereof.

21.    The sale of the Property is made pursuant to 28 U.S.C. §§ 2001 *et seq.*, without the right of redemption.

22.    The address of Plaintiff Hancock Bank (Federal Identification Number 640169065) is 2510 14th Street, Gulfport, Mississippi 39501. The last known address of Defendant Ellison Builders, Inc. (Federal Identification Number 593719947) is 13528 Lake Cawood Drive, Windermere, Florida 34786.

23.    The Court **RETAINS** jurisdiction over this action to enter further orders as are proper, including, without limitation, to enforce the Settlement Agreement, for a deficiency judgment, and for writ(s) of possession.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 28, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record